IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **FREDDIE J. POLK,** | § § § | |
| Plaintiff, | § § | |
| v. | § § § § | C.A. NO. 2:22-cv-428 |
| | § § § | |
| **GENERAL SHALE BRICK, INC. DBA RED RIVER BRICK** | § § § | **JURY DEMANDED** |
| Defendant. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Freddie J. Polk, files this Complaint and Jury Demand against Defendant General Shale Brick, Inc. alleging willful violation of the Fair Labor Standards Act ("FLSA"). For causes of action, Plaintiff would show the Court as follows:

### I.
### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Freddie J. Polk is a resident of Henderson, Texas.

2. Defendant General Shale Brick, Inc. is a Delaware corporation which has not appointed a registered agent in the State of Texas. Therefore, General Shale Brick, Inc. may be served through the Texas Secretary of State at the following address: Service of Process, Secretary of State, P.O. Box 12079, Austin, Texas 78711-2079.

3. This Court has jurisdiction to hear the merits of Plaintiff's claims under 28 U.S.C. §1331 and the Fair Labor Standards Act. 29 U.S.C.§201, et seq.

4. Venue is proper in this district and division under 42 U.S.C. §12117(a) (incorporating 42 U.S.C. §2000e-5(f)(3)) and 28 U.S.C. §1391(b)(1) because the incidents that gave rise to the claims in this case occurred in Rusk County, Texas.

## II. FACTUAL BACKGROUND

## III. FLSA COVERAGE

5. At all times hereinafter mentioned, General Shale has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

6. At all times hereinafter mentioned, General Shale has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

7. At all times hereinafter mentioned, General Shale has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

8. During the respective periods of Plaintiff's employment by General Shale, Plaintiff provided services for General Shale that involved interstate commerce.

9. In performing the operations hereinabove described, Plaintiff was engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

10. At all times hereinafter mentioned, Plaintiff was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## IV. FACTS

17. General Shale is one of North America's largest brick, stone and concrete block manufacturers.[1] It acquired the brick plant in Henderson, Texas from Boral Brick in 2021 and

---

[1] https://generalshale.com/company/

began operating the plant as Red River Brick.[2]

11. Plaintiff Polk was employed by General Shale Brick, Inc. (hereinafter "General Shale" or "Defendant") as a packaging supervisor. However, the majority of his work for General Shale consisted of non-exempt duties as defined by the FLSA and the applicable regulations.

12. Polk worked for the brick plant located at 1309 Kilgore Drive, Henderson, TX for over 43 years.

13. Polk generally worked from 4:30 a.m. until at least 5:50 p.m. Monday through Friday and at least 5 hours on each Saturday in each workweek. Polk's salary was based on an hourly rate for a 40-hour workweek and was calculated at $31.63 per hour at the time of his termination on June 30, 2022. Polk was paid a set salary of $ 1,265.20 per week at the time of his termination. Polk was not paid any overtime wages.

14. General Shale employed Plaintiff as a packaging supervisor; however, he mostly performed non-exempt duties for the company.

15. General Shale also failed to pay Plaintiff proper overtime wages when he worked over 40 hours in any workweek.

16. Plaintiff was a non-exempt employee.

17. Indeed, Plaintiff was a blue-collar worker—he relied on his hands, physical skills, and energy to perform manual labor in completing his jobs.

18. Plaintiff worked far in excess of 40 hours per week, yet General Shale did not pay him the proper amount of overtime for all hours worked in excess of 40 in a week.

19. General Shale knows Plaintiff' worked more than forty (40) hours in a week. Plaintiff routinely worked in excess of sixty (60) or more hours in a workweek.

20. Thus, it is clear that General Shale acted willfully and/or with reckless disregard of

---

[2] https://generalshale.com/wp-content/uploads/2021/10/2-General-Shale-Successfully-Completes-Acquisition-of-Meridian-Brick.pdf

the applicable FLSA provisions by failing to properly compensate Plaintiff for all hours worked in excess of forty (40) during the workweek.

## V.
## CAUSES OF ACTION

**A.  FAILURE TO PAY OVERTIME WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT**

21. General Shale violated the FLSA by employing Plaintiff in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating him for many hours worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which he was employed.

22. Moreover, General Shale knowingly, willfully and in reckless disregard carried out their illegal pattern of failing to pay Plaintiff overtime compensation for all of the overtime hours he worked. *See* 29 U.S.C. § 255(a).

23. General Shale knew or should have known their pay practices were (and continue to be) in violation of the FLSA.

24. General Shale is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

25. Plaintiff, on the other hand, was an unsophisticated laborer who trusted General Shale to pay him according to the law.

26. The decisions and practices by General Shale not to properly pay overtime for all of the overtime hours worked was neither reasonable nor in good faith.

27. Accordingly, Plaintiff is entitled to overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times

his regular rate of pay, plus liquidated damages, attorney's fees and costs.

## VI.

## JURY DEMAND

28. Plaintiff demands a trial by jury of all the issues and facts in this case and tenders herewith the requisite jury fee.

## VII.
## RELIEF SOUGHT

29. Plaintiff respectfully prays for judgment against General Shale as follows:

    a.    For an Order pursuant to Section 16(b) of the FLSA finding General Shale Brick, Inc. liable for unpaid back wages due to Plaintiff, and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

    e.    For an Order awarding Plaintiff the costs of this action;

    f.    For an Order awarding Plaintiff attorney's fees;

    g.    For an Order awarding Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law;

    h.    For an Order compelling the accounting of the books and records of General Shale ; and

    i.    For an Order granting such other and further relief as may be necessary and appropriate.

Dated: November 2, 2022

Respectfully submitted,

**HOMMEL LAW FIRM PC**

By: /s/ *William S. Hommel, Jr.*
**William S. Hommel, Jr.**
State Bar No. 09934250
5620 Old Bullard Road, Suite 115
Tyler, Texas 75703
Telephone: 903-596-7100
Facsimile: 469-533-1618
bhommel@hommelfirm.com

**ATTORNEY FOR THE PLAINTIFF**